## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIMOTHY ROSS,** | : | **CIVIL NO. 1:11-CV-838** |
| | : | |
| **Petitioner,** | : | **(Judge Caldwell)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **DAVID VARANO, et al.,** | : | |
| | : | |
| **Respondents.** | : | |

## MEMORANDUM OPINION

### I.    Statement of Facts and of the Case

Eleven years ago, on June 21, 2000, Timothy Ross was convicted in the Court of Common Pleas of Franklin County of first-degree murder and was sentenced to life imprisonment without parole. (Docs 1, 8 and 11)  Following this conviction, counsel was appointed to represent Ross in this case, a case in which Ross' life literally hung in the balance.

The record of that state court representation, while incomplete, is completely troubling. It appears that Ross' state court-appointed counsel neglected to file a timely notice of appeal, then later filed an untimely, *nunc pro tunc*, notice of appeal in May 2001. (Doc. 11)  After belatedly filing this notice of appeal, counsel did not prosecute an appeal on Ross' behalf, but rather withdrew the appeal on June 18, 2001, ostensibly so that Ross could pursue *nunc pro tunc* post-trial motions instead.  Thus, Ross' direct appeal was wholly abandoned by counsel in September 2001.

Having abandoned Ross' direct appeal in favor of post trial motions, state counsel then apparently did nothing for two years until September 11, 2003, when counsel wrote to Ross and stated that he intended to file a petition on Ross' behalf "by the end of the month." (Doc. 1, Ex. September 11, 2003, letter of counsel) Almost five years then elapsed before counsel wrote again to Ross on March 25, 2008.  This March 25, 2008, letter is from the Court's perspective a disturbing document. In it, Ross' counsel indicated that he "just noticed" a 2003 letter from the petitioner. Claiming that the letter "must have gotten misplaced" for nearly five years, counsel informed Ross that he will "be following up on your matter," but admonished Ross that he will often be "unable to take a call from you." (Id., Ex. March 25, 2008, letter of counsel)  Thus, on its face, this correspondence seems to reflect that state counsel had done nothing for Ross, a prisoner serving a life sentence, for almost 8 full years. In the face of this inaction by counsel, Ross unsuccessfully sought state PCRA relief, but was denied relief because his claims were time-barred. Ross has now filed a petition for writ of habeas corpus in this Court, seeking adjudication of his claims in federal court.

The respondents have opposed this request, and moved to dismiss this petition, citing the one-year statute of limitations that applies to state habeas actions under 28 U.S.C. § 2244.(Doc. 10)  This matter has been fully briefed by the parties (Docs. 1, 10 and 11) and is now ripe for review.

For the reasons set forth below, we find that there are factual issues relating to whether Ross is entitled to equitable tolling of the statute of limitations due to the abandonment of his defense by his state counsel, factual issues that must be fully-developed, and factual issues which call for the assistance of counsel in this case. Accordingly, for the reasons set forth below, we will appoint counsel to represent Ross in this matter, and schedule an evidentiary hearing on these equitable tolling issues.

## II.    Discussion

### A.    State Prisoner Habeas Relief–The Legal Standard.

A state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows:

> **(a)** The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > **(A)** the applicant has exhausted the remedies available in the courts of the State;
> > . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> **(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b)

### (1.)   <u>Substantive Standards for Habeas Petitions</u>

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. <u>See, e.g.</u>, <u>Reed v. Farley</u>, 512 U.S. 339, 354 (1994). Thus, claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension. <u>See</u> <u>Priester v. Vaughan</u>, 382 F.3d 394, 401-02 (3d Cir. 2004).

## (2.)   **Procedural Benchmarks for Habeas Petitions**

### ( a. )   **Statute of Limitations**

Furthermore, state prisoners seeking relief under Section 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that petitioners timely file motions seeking habeas corpus relief. The Antiterrorism and Effective Death Penalty Act of 1996("AEDPA"), 28 U.S.C. § 2244 established a one-year statute of limitations on the filing of habeas petitions by state prisoners. In pertinent part, § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See Miller v. New Jersey State Dept. of Corrections 145 F.3d 616, 617 (3d Cir.1998).

The calculation of this limitations period is governed by a series of well-defined statutory rules. At the outset, these rules are prescribed by statute, specifically 28 U.S.C. § 2244(d)(2), which provides that:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).

In assessing § 2244(d)(2)'s tolling provision relating to the time when a case is "pending" state review, it is clear that "the term 'pending' must include the time between a court's ruling and the timely filing of an appeal, [and] 'pending' must include the time during which an appeal could be filed even if the appeal is not eventually filed." Swartz, 204 F.3d at 424. Thus, the courts have construed this tolling provision in a forgiving fashion, and in a manner which enables petitioners to toll their filing deadlines for the time periods in which they could have sought further direct appellate review of their cases, even if they did not, in fact, elect to seek such review. However, for purposes of tolling the federal habeas statute of limitations, a "properly filed application for State post-conviction or other collateral review" only includes applications which are filed in a timely fashion under state law. Therefore, if the petitioner is delinquent in seeking state collateral review of his conviction, that tardy

state pleading will not be considered a "properly filed application for State post-conviction or other collateral review" and will not toll the limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 412-14 (2005); Long v. Wilson, 393 F.3d 390, 394-95 (3d. Cir. 2004).

Beyond this tolling period mandated by statute, it has also been held that AEDPA's one-year limitations period is not a jurisdictional bar to the filing of habeas petitions; Miller, 145 F.3d at 617-18, and, therefore, is subject to equitable tolling. Id. at 618-19.  Yet, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored.  As the United States Court of Appeals for the Third Circuit has observed: "[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Generally, this will occur when the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.' The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient." Id.  at 618-19 (citations omitted). Indeed, it has been held that only:

> [T]hree circumstances permit[] equitable tolling: if
>
> (1) the defendant has actively misled the plaintiff,
> (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or
> (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum.

Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999) (citations omitted).

Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

Applying this exacting standard, courts have held that: "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling. See Freeman v. Page, 208 F.3d 572 (7th Cir.2000) (finding no basis for equitable tolling where the statute of limitations was changed to shorten the time for filing a PCRA only four months prior to the filing of the petition); Taliani v. Chrans, 189 F.3d 597 (9th Cir.1999) (finding lawyer's inadequate research, which led to miscalculating the deadline, did not warrant equitable tolling)." Id.

While courts apply exacting standards to equitable tolling claims, it is evident that complete abandonment of a petitioner by his state trial counsel can constitute one of the extraordinary circumstances justifying such equitable tolling. Indeed, in Ragan v Horn, 411 F. App'x 491 (3d Cir. 2011), the United States Court of Appeals directly addressed this precise issue. In Ragan the court was presented with an equitable tolling claim by a state prisoner, who, like Ross, was serving a life sentence for murder and was seeking to toll AEDPA's one-year statute of limitations on the grounds that he had been misled and abandoned by counsel. Id.  In terms that may be equally applicable

here, the court of appeals granted this equitable tolling request, and defined the legal

standards which apply to such requests, stating:

> The District Court concluded, and Ragan does not dispute, that his
> *habeas* petition was not filed within the one-year AEDPA limitations
> period. See 28 U.S.C. § 2244(d)(1)(A). The issue before us is whether he
> should be entitled to equitable tolling. "[A] litigant seeking equitable
> tolling bears the burden of establishing two elements: (1) that he has been
> pursuing his rights diligently, and (2) that some extraordinary
> circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418,
> 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); see also Satterfield v. Johnson,
> 434 F.3d 185, 195 (3d Cir.2006). The Supreme Court has instructed that
> "[t]he diligence required for equitable tolling purposes is 'reasonable
> diligence,' ... not 'maximum feasible diligence.' " Holland v. Florida, ——
> U.S. ——, 130 S.Ct. 2549, 2565, 177 L.Ed.2d 130 (2010) (internal
> citations omitted). Our Court has similarly held that "[d]ue diligence does
> not require 'the maximum feasible diligence,' but it does require
> reasonable diligence in the circumstances." Schlueter v. Varner, 384 F.3d
> 69, 74 (3d Cir.2004) (internal citations omitted); see also Baldayaque v.
> United States, 338 F.3d 145, 153 (2d Cir.2003) ("The standard is not
> 'extreme diligence' or 'exceptional diligence,' it is *reasonable* diligence.
> On remand, the district court should ask: did the petitioner act as
> diligently as reasonably could have been expected *under the
> circumstances?* ") (emphases in original).

Ragan v. Horn, 411 F. App'x. 491, 493-494 (3d Cir. 2011).

### B.   Ross' Habeas Corpus Petition Presents a Potentially Meritorious, But Factually Undeveloped, Claim of Equitable Tolling Based Upon Abandonment of State Counsel Which Requires an Evidentiary Hearing

Judged in light of these guiding precepts, Ross' petition presents a potentially

meritorious , but factually undeveloped, claim for equitable tolling of AEDPA's one-

year statute of limitations based upon the alleged abandonment of Ross by his state counsel. Indeed, the record presently before us reflects an astonishing, and largely unexplained, span of years in which counsel did nothing on behalf of a client serving a life sentence beyond allegedly writing two letters, one of which acknowledged that counsel has done nothing on behalf of Ross for five years. Of course, in order to sustain such a claim "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). While "[d]ue diligence does not require 'the maximum feasible diligence,' . . it does require reasonable diligence in the circumstances." Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir.2004).

Here, there are material, and unanswered questions concerning both the nature of the alleged abandonment of Ross by his state counsel, and whether Ross demonstrated due diligence under the circumstances in pursuing these state claims. None of the questions, which are crucial to the application of the equitable tolling doctrine to this case, can be answered on the present fragmentary record, because apparently none of the questions have yet been asked in any proceeding, state or federal.

While it is well-settled that: "The ability of a federal district court to hold an evidentiary hearing in habeas review is limited under [ 28 U.S.C. § 2254]," Rolan v.

<u>Vaughn</u> 445 F.3d 671, 680 (3d. Cir. 2006), there are limited exceptions to this rule. Thus, a district court should generally decline to hold an evidentiary hearing on a state prisoner habeas petition where the petitioner has had a full opportunity to develop a factual record in the course of state proceedings. <u>Id</u>. However, the same degree of restraint need not apply to a case such as this, where no effort has been made in the state courts to determine crucial facts that are critical to resolving whether a petitioner is entitled to equitable tolling of the statute of limitations, an issue whose determination is an essential prerequisite to seeking habeas corpus relief under § 2254. Therefore, we conclude that an evidentiary hearing on this equitable tolling claim, as well as the related issues of whether Ross "has been pursuing his rights diligently, and [whether] some extraordinary circumstance stood in his way," <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005), is necessary to a fair adjudication of this case. While the parties must determine what evidence will shed light on this issue, we believe that, at this claim, at a minimum, testimony from both Ross and his former state counsel relating to this wholly unexplained failure to pursue state claims for eight years would be essential to a fair adjudication of this equitable tolling-abandonment issue.

### C.     <u>Ross Should Have The Assistance of Counsel At This Hearing</u>

Having determined that an evidentiary hearing is necessary in this case to adequately develop the factual record on this equitable tolling claim based upon

alleged abandonment by state counsel, we further find that Ross should have the assistance of counsel in connection with this matter. As we have noted, the respondents have filed a response to this petition which raises substantial questions concerning whether this petition is time-barred under 28 U.S.C. § 2244. Resolution of these significant procedural issues may require development of a factual record, legal analysis of the § 2244's statute of limitations, as well as the application of the equitable tolling doctrine to this statute of limitations. These are legal issues which can challenge experienced practitioners, and the application of these principles to Ross' case could completely foreclose any consideration of this petition.

While it is well-settled that state prisoners like the petitioner do not have a constitutional right to counsel in habeas corpus proceedings, see Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), 18 U.S.C. § 3006A(a)(2)(B), provides that the court has the discretion to appoint counsel in such cases when "the court determines that the interests of justice so require . . . ." The exercise of discretion in this area is guided, however, by certain basic principles. When applying this standard and exercising its discretion in this field, the court should determine both whether the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim. Id. at 263. In making this determination, factors influencing a court's decision on a request for appointment of counsel include the complexity of the factual and legal issues in a case, as well as the petitioner's ability

to present these claims. Id. at 264. Where the issues in a habeas petition are narrow, or straightforward and capable of resolution on the record, or where the petitioner demonstrates a good understanding of the issues and displays the ability to forcefully and coherently present contentions, appointment of counsel is unnecessary. Id. In contrast, in close, complex cases the exercise of discretion may call for the appointment of counsel. Thus, many of these considerations which guide our discretion with respect to appointment of counsel require an assessment of both the legal complexities of a petition, as well as an informed judgment regarding the ability of the petitioner to articulate the claims set forth in a petition.

In this case, the Court believes that an assessment of these factors weighs heavily in favor of the appointment of counsel under 18 U.S.C. §3006A. The legal issues relating to the application of the statute of limitations to Ross' claims, and equitable tolling of the statute of limitations, can be both complex and subtle. The proper resolution of these issues is vitally important in this case, since the resolution of this question may totally preclude Ross from any consideration of the merits of his claims. Given that Ross is presently serving a sentence of life imprisonment, the denial of the motion on these grounds is a decision which would have profound consequences for the petitioner.

In short, we are troubled that Ross–a man facing life in prison–may have been abandoned by the person he trusted to be his advocate, his attorney. We, therefore, will not abandon Ross without counsel as he pursues this issue in his federal habeas corpus petition, a petition that constitutes Ross' last, best, opportunity to have these claims litigated. Therefore, for the foregoing reasons, the Court finds  pursuant to  18 U.S.C. § 3006A(a)(2)(B), that the interests of justice  require appointment of counsel in this § 2254 proceeding.

## III.   <u>Conclusion</u>

Accordingly, for the forgoing reasons IT IS ORDERED as follows:

1.    The Federal Public Defender's Office is appointed to represent the petitioner in connection with this proceeding, and the Federal Public Defender may in his discretion assign counsel to this case.

2.    The Federal Public Defender's Office will contact and consult with the petitioner, review the file, prepare and file a traverse limited to the issue of statute of limitations raised as a threshold objection by the respondents on or before **<u>August 22, 2011</u>**.

3.    A hearing will be held in this matter on **<u>September 1, 2011 at 9:30 a.m.</u>**

So ordered this 18th  day of July, 2011.


                              *S/Martin C. Carlson*
                              Martin C. Carlson
                              United States Magistrate Judge