UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY ROSS,  :
    Petitioner  :
  :
v.  :  CIVIL NO. 1:11-CV-0838
  :
DAVID VARANO, *et al.*,  :
    Respondents  :

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

We are considering Respondents' objections to the Report and Recommendation ("R&R") of Magistrate Judge Carlson, which recommends that we deny Respondents' motion to dismiss based on the one-year statute of limitations that applies to state habeas actions under 28 U.S.C. § 2244[1].

---

[1] Section 2244(d)(1) provides:
    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Respondents object to Magistrate Judge Carlson's finding that Petitioner presented a meritorious claim of equitable tolling, that Petitioner pursued his rights diligently, and that Respondents' motion to dismiss should be denied.

Petitioner contends that the court should not consider Respondents' objections because they were not timely filed and Respondents failed to file a brief addressing the issues raised by the objections pursuant to Local Rule 72.2.  On November 4, 2011, Magistrate Judge Carlson issued a Report and Recommendation.  Respondents were provided fourteen days to file objections and did so on November 21, 2011.  Though this is seventeen days after the R&R was issued, Respondents assert that they require service in paper form because they are not "Filing Users" as defined by Standing Order 5.6(1)(1.2) and never consented to electronic service.  They contend that they did not receive a paper copy of the R&R until November 7, 2011.  Given these facts, we will consider the objections filed by Respondents.

Though Respondents failed to file a brief addressing the issues raised by the objections pursuant to Local Rule 72.2, they assert that the facts were "largely undisputed" and "Respondent had already briefed its position on those legal issues to the Court and has no additional argument to offer." (Doc. 30).  We will consider Respondents' objections and previous briefs to determine whether the statute of limitations bars Petitioner's claim.

The one-year statute of limitations under section 2244 is not jurisdictional and may be tolled if Petitioner is able to establish "(1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). "Equitable tolling may be had if: '(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum.'" *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006) (citations omitted).

After holding an evidentiary hearing, Magistrate Judge Carlson set forth the facts of the case in an eleven-page facts section and thoroughly analyzed the application of the law to the present case. With such a detailed explanation of the facts, we need not recite them here. The Magistrate Judge described "an extraordinary degree" of abandonment and an "extraordinary lack of communication with [Petitioner]" on the part of Petitioner's first state post-conviction counsel. (Doc. 23). This, combined with the "extraordinarily misleading nature of the sporadic communications that Ross received from his attorney," was found by the Magistrate Judge to be an extraordinary circumstance that stood in Petitioner's way of pursuing his direct appeal. We agree that the facts of the case meet the first requirement for equitable tolling.

Petitioner must also demonstrate that he pursued his rights diligently to toll the statute of limitations. Only "reasonable diligence" is required, not "maximum feasible diligence." *Holland v. Florida*, 130 S. Ct. 2549, 2565, 177 L. Ed. 2d 130 (2010). The Magistrate Judge described Petitioner's repeated attempts to contact his attorney and,

3

when that failed, his attempts to contact the court, the clerk, and former trial counsel. We agree with the Magistrate Judge's conclusion that Petitioner's efforts were diligent.

Meeting the two requirements, Magistrate Judge Carlson found that the statute of limitations should be tolled and Respondents' motion to dismiss should be denied. We agree with this conclusion and adopt the Magistrate Judge's Report and Recommendation.

ACCORDINGLY, this 29th day of December, 2011, upon consideration of the Report and Recommendation of the Magistrate Judge (Doc. 23), to which objections were filed, and upon independent review of the record, it is ordered that:

1. The Magistrate Judge's report is adopted (Doc. 23).

2. Respondents' objections (Docs. 27 and 28) are overruled.

3. Respondents' motion to dismiss Petitioner's petition (Doc. 8) is denied.

4. This case is remanded to the Magistrate Judge for consideration of the merits of Petitioner's claims.

                                                /s/ William W. Caldwell
                                                William W. Caldwell
                                                United States District Judge